LEVY v. SCHREYER.

(Supreme Court, Appellate Division, First Department. March 25, 1898.)

1. DEED—RESTRICTIONS—CONSTRUCTION.

The plaintiff conveyed certain building lots to defendant by a deed containing a covenant that defendant would not erect thereon any "tenement house," or any "house except private dwellings." In a suit to restrain the erection of a proposed structure as in violation of the covenant, it appeared that it was a three-story building, of which each floor constituted one complete apartment for housekeeping. Held, that the building was not a private dwelling within the intent of the parties, and that, as the covenant was one against construction, and not against use, the fact that defendant did not intend to have it occupied by three families was immaterial.

2. SAME—VIOLATION.

The defendant had also covenanted that the front walls of buildings to be erected should set back "at least ten feet from the front line of the lot." It appeared that a three-story bay window, with the stone foundation on which it rested, came within eight feet eight inches of the front line. *Held,* that it constituted a violation of the covenant.

Rumsey and O'Brien, JJ., dissenting.

Appeal from special term.

Action by Ephriam B. Levy against John Schreyer. From the judgment (43 N. Y. Supp. 199) both parties appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Seward Baker, for plaintiff.

Alex. Thain, for defendant.

McLAUGHLIN, J.　On the 20th day of May, 1896, plaintiff conveyed to the defendant four building lots situate in the city of New York, by deed bearing date on that day, which contained a covenant that the grantee therein named, his heirs and assigns, would not erect upon the premises conveyed, or any part thereof, any "tenement house," or any "houses except private dwellings," the front walls of which should set back "at least ten feet from the front line of the lot." The defendant went into possession, and shortly thereafter commenced to erect a building upon one of the lots, when the plaintiff sought to enjoin him, upon the ground that the building he was constructing violated his covenant, (1) in that the front wall was not 10 feet from the front line of the lot; and (2) that the building was not a private residence, but a tenement or flat house. The defendant denied that the construction or location of the building violated the covenants in the deed to him. The trial court sustained the contention of the defendant as to the construction of the building, but held with the plaintiff as to its location, holding that a portion of the front wall did not set back 10 feet from the front line of the lot. Judgment was entered to that effect, and both parties appealed.

It appears from the case as it comes to us that the defendant has commenced, and has substantially completed, a three-story frame building. It is about 20 feet in width, and has what was termed by some of the witnesses a swell front, which is nothing more or less than a bay window extending from the foundation to the top. The rooms upon each floor are so constructed that they constitute one complete suite or apartment,—parlor, dining room, bed room, kitchen, and bathroom. The front of the building is irregular in form, and, beginning at the easterly end of the front for the length of 9 feet, the building is located 12 feet and 8 inches from the front line of the lot; then it extends outward, the outer face of which extension is 8 feet and 8 inches from the front line of the lot, and then returns again to a distance therefrom of 12 feet and 8 inches. The side of this projection, which is but 8 feet and 8 inches from the front line of the lot, is 4 feet and 2 inches in length. It is built upon a foundation or wall, which follows the lines of the projection, and is the

only foundation or wall of the building covered by it. We think the trial court was right in holding that the construction of the bay window in the manner described was a violation of defendant's covenant that the front wall of the building should set back at least 10 feet from the front line of the lot. This bay window is a portion of the front of the building, and the foundation upon which it is constructed is to that extent the front wall of the building itself. It is a part of the building, and encroaches upon the space which the defendant stipulated, when he accepted his deed, should be kept open. In Sanborn v. Rice, 129 Mass. 387, the court held that a bay window which did not, as here, rest upon a foundation wall, but extended out from the building at a distance of four feet above the ground, violated a covenant not to build within a space reserved, and that such addition or erection in fact carried "the front line of the house three feet and three inches nearer the street than the deed permits."

The remaining question is much more difficult of solution. Does this building, constructed in the manner described, violate the defendant's covenant not to erect any "tenement house" or any "houses except private dwellings"? I think it does. The covenant is one against construction, and not against use. The manner in which the owner proposes to occupy it is of no importance, since the question to be determined must, of necessity, turn upon the construction of the building, and not upon the use to which it is to be put. It is constructed so that it can be occupied by three families living separate and apart. This characterizes the building, and prevents it, as it seems to me, from coming within the class of buildings which the parties termed a private residence. The trial court laid stress upon the fact that it was intended to be occupied by only two families, but this is of no importance, since the covenant, as we have seen, relates to construction, and not to use. No matter how the present owner may intend to use it, the fact remains that he is proposing to construct a building with three separate and distinct apartments, and in such a manner that they can be occupied by three families living separate and apart. Such building is not a private residence within the true intent and meaning of the parties to the deed above referred to.

It follows that the judgment should be reversed, and a new trial granted, with costs to the plaintiff to abide the event. All concur except RUMSEY and O'BRIEN, JJ., dissenting.