EPHRAIM B. LEVY, Appellant and Respondent, *v.* JOHN SCHREYER, Respondent and Appellant.

*Restrictive covenant as to the distance of buildings from the street line, and against the erection of a " tenement house," construed.*

A restrictive covenant contained in a deed of building lots, to the effect that the grantee will not erect upon the premises conveyed any "tenement house" or any "houses except private dwellings," the front walls of which shall set back at least ten feet from the line of the lot, is violated by the erection, on such premises, of a house whose front wall, from the foundation to the roof, extends outward at a certain point, forming a bay window, the outer face of which extension is four feet and two inches in length, and eight feet and eight inches from the front line of the lot, while the remainder of the front wall is twelve feet and eight inches from such line ; and which house is so constructed that the rooms on each of the three floors form a complete apartment, suitable for the occupation of a separate family.

The covenant being directed against the construction of the building, and not against its use, proof as to the manner in which the grantee intends to use the building is immaterial.

RUMSEY and O'BRIEN, JJ., dissented.

APPEAL by the plaintiff, Ephraim B. Levy, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 4th day of May, 1897, upon the decision of the court rendered after a trial at the New York Special Term, as adjudges that the use of the building erected by the defendant upon the premises described in the complaint by more than one family, is not a violation of the restrictive covenants contained in defendant's deed, and that the application of the plaintiff for an injunction therefor be denied.

Also, an appeal by the defendant, John Schreyer, from so much of said judgment as adjudges that the defendant has violated and is violating one of the covenants contained in a deed mentioned in the complaint, from the plaintiff to the defendant, by erecting the front wall, bay window or extension of building on lot No. 150 on map of Undercliff terrace in the city of New York, within ten feet of the front line of said lot; and which enjoins the continuance of such erection as defendant has put upon said lot in respect to said front wall, bay window or extension, and directs the removal thereof, with costs to be paid by the defendant to the plaintiff.

*Seward Baker,* for the plaintiff.

*Alex. Thain,* for the defendant.

McLAUGHLIN, J. :

On the 20th day of May, 1896, the plaintiff conveyed to the defendant four building lots situate in the city of New York by deed bearing date on that day, which contained a covenant that the grantee therein named, his heirs and assigns, would not erect upon the premises conveyed or any part thereof any "tenement house" or any "houses except private dwellings," the front walls of which should set back "at least ten feet from the line of the lot." The defendant went into possession, and shortly thereafter commenced to erect a building upon one of the lots when the plaintiff sought to enjoin him upon the ground that the building he was constructing violated his covenant, (1) in that the front wall was not ten feet from the front line of the lot, and (2) that the building was not a private residence, but a tenement or flathouse. The defendant denied that the construction or location of the building violated the covenants in the deed to him. The trial court sustained the contention of the defendant as to the construction of the building, but held with the plaintiff as to its location, holding that a portion of the front wall did not set back ten feet from the front line of the lot. Judgment was entered to that effect, and both parties appealed.

It appears from the case as it comes to us that the defendant has commenced to and has substantially completed a three-story frame building. It is about twenty feet in width and has what was termed by some of the witnesses a swell front, which is nothing more or less than a bay window extending from the foundation to the top. The rooms upon each floor are so constructed that they constitute one complete suite or apartment — parlor, dining room, bedroom, kitchen and bathroom. The front of the building is irregular in form, and, beginning at the easterly end of the front for the length of nine feet, the building is located twelve feet and eight inches from the front line of the lot; then it extended outward, the outer face of which extension is eight feet and eight inches from the front line of the lot, and then returns again to a distance therefrom of twelve feet and eight inches. The side of this projection,

which is but eight feet and eight inches from the front line of the lot, is four feet and two inches in length. It is built upon a foundation or wall which follows the lines of the projection and is the only foundation or wall of the building covered by it.

We think the trial court was right in holding that the construction of the bay window in the manner described was a violation of defendant's covenant that the front wall of the building should set back at least ten feet from the front line of the lot. This bay window is a portion of the front of the building, and the foundation upon which it is constructed is to that extent the front wall of the building itself. It is a part of the building and encroaches upon the space which the defendant stipulated when he accepted his deed should be kept open. In *Sanborn* v. *Rice* (129 Mass. 387) the court held that a bay window which did not, as here, rest upon a foundation wall, but extended out from the building at a distance of four feet above the ground, violated a covenant not to build within a space reserved, and that such addition or erection in fact carried " the front line of the house three feet and three inches nearer to the street than the deed permits."

The remaining question is much more difficult of solution. Does this building, constructed in the manner described, violate the defendant's covenant not to erect any " tenement house " or any " houses except private dwellings ? " I think it does. The covenant is one against construction and not against use. The manner in which the owner proposes to occupy it is of no importance, since the question to be determined must of necessity turn upon the construction of the building and not upon the use to which it is to be put. It is constructed so that it can be occupied by three families living separate and apart; this characterizes the building and prevents it, as it seems to me, from coming within the class of buildings which the parties termed a private residence. The trial court laid stress upon the fact that it was intended to be occupied by only two families, but this is of no importance, since the covenant, as we have seen, relates to construction and not to use. No matter how the present owner may intend to use it, the fact remains that he is proposing to construct a building with three separate and distinct apartments and in such a manner that they can be occupied by three families living separate and apart. Such building is not a private

residence within the true intent and meaning of the parties to the deed above referred to.

It follows that the judgment should be reversed and a new trial granted, with costs to the plaintiff to abide the event.

VAN BRUNT, P. J., INGRAHAM and MCLAUGHLIN, JJ., concurred; RUMSEY and O'BRIEN, JJ., dissented.

Judgment reversed, new trial granted, costs to plaintiff to abide event.