## Taylor et al. *v.* Lambert, Appellant.

*Deed—Building restriction—Private dwelling house—Apartment house—Words, etc.*

1. There is a well defined difference between an apartment house, operated by the owner for profit through leasing different stories or suites of rooms, and a dwelling intended and calculated to be for the sole and exclusive occupancy of one family, suitably constructed for that purpose.

2. A building restriction in a deed which forbids the use of the land for any other purpose than a private dwelling house, is violated by the erection on the land of a building having a common entrance, hall and stairway to be used as an apartment house is ordinarily used.

3. The word "dwelling" restricts the character of building by eliminating all buildings for business purposes, such as stores, livery stables, garages, factories, and the like.

4. The word "private" further restricts the buildings by excluding all such as are used for residential purposes of a public character, like hotels and general public boarding or apartment houses.

Argued January 17, 1924. Appeal, No. 162, Jan. T., 1924, by defendant, from decree of C. P. No. 5, Phila. Co., March T., 1922, No. 4551, in bill in equity, in case of Alfred B. Taylor et al. v. Francis J. Lambert. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for an injunction. Before MARTIN, P. J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*James F. Boylan,* for appellant.—The restriction must be strictly construed: Crofton v. St. Clement's Church, 208 Pa. 209; Binswanger v. Hyman, 271 Pa. 296.

An apartment house is a dwelling: Johnson v. Jones, 244 Pa. 386; Hammett v. Born, 247 Pa. 418.

In the construction of a statute, words, if of common use, are to be taken in their natural, plain, obvious and ordinary significance: McElhone v. Phila. Q. Club, 53 Pa. Superior Ct. 262; Getz v. Brubaker, 25 Pa. Superior Ct. 303.

*Walter K. Wood,* for appellees, cited: Law v. Weeter, 68 Pa. Superior Ct. 23.

OPINION BY MR. JUSTICE KEPHART, February 25, 1924:
Plaintiffs filed a bill to restrain the erection of an apartment house on a lot of ground located on the west side of Sixty-third Street in Philadelphia. Appellant intended such building to have a common entrance, hall and stairway, to be used as an apartment house is ordinarily used. The court's restraining order is based

on the restriction in appellant's deed, which reads, "subject to the further restriction that there shall not be erected upon the above described and hereby mentioned lot of ground or any part thereof a building or buildings designed for any other purpose than a private dwelling house, and that no such building erected thereon shall be occupied or used for any purpose other than a private dwelling house."

Appellant endeavors to bring his case within Johnson v. Jones, 244 Pa. 386, and Hammett v. Born, 247 Pa. 418. In the former we held a covenant restricting the occupancy of the ground to a "dwelling house" did not cover a series of buildings, to be four stories in height, each story to consist of a separate apartment or flat for use as housekeeping apartments. In the latter case we held a restriction "not more than one single dwelling house" did not include duplex houses designed for the occupancy of two families, under one roof, with a complete and independent set of apartments. See Gillis v. Bailey, 21 N. H. 149, for a view contrary to both cases. The restriction in this case is "a private dwelling house." All doubts must be resolved against the restriction and in favor of a free and unrestricted use of the property. Such is the rule laid down in Johnson v. Jones, supra. But the words "private dwelling house" have a much more restricted meaning than that attributed to "dwelling house" or "one single dwelling" in the prior cases. Their use not only exclude tenements or buildings erected and operated as a business venture, having many of the characteristics of a hotel, such as an apartment house, but there is a well defined difference between an apartment house, operated by the owner for profit through leasing different stories or suites of rooms, and a dwelling intended and calculated to be for the sole and exclusive occupancy of one family, suitably constructed for that purpose. In the term "a private dwelling," the word "dwelling" restricts the character of building by eliminating all buildings for business purposes, such as

stores, livery stables, garages, factories, and the like. The word "private" further restricts the buildings to be placed thereon by excluding all such as are used for residential purposes of a public character, like hotels and general public boarding or apartment houses. An apartment house is not a number of private dwellings, built one upon another, but a collection of dwellings objectionable to the restriction, which called for a single dwelling: Skillman v. Smatheurst, 40 Atl. 855, 856, 57 N. J. Equity 1, where the restriction was against a building "other than for the use or purpose of a private dwelling." The restriction is in the singular, not in the plural. An apartment house is not strictly a private dwelling; it is a place for housing a number of people grouped in families assigned to different sections in the same structure. Carried to its logical conclusion (as the size increases so does the population), it would embrace a building twenty stories high, or forty stories high. Ordinarily everyone knows the difference between a private dwelling house and an apartment house.

Such restriction is violated by the use of a building on the premises as a public boarding house (Gannett v. Albree, 103 Mass. 372, 374); or by three families living separate and apart (Levy v. Schreyer, 27 App. Div. 282, 50 N. Y. Supp. 584, 586); as a day school for girls under thirteen for music and dancing (Wickenden v. Webster, 6 El. & Bl. 387, 391, 119 Reprint 909); as a private sanitarium (Barnett v. Vaughan Institute, 119 N. Y. Supp. 45, 46, 134 App. Div. 921); by two or more families or one built for that purpose: Koch v. Gorruflo, 75 Atl. 767, 768; 77 N. J. Eq. 172, 140 Am. St. R. 552. The precise question was decided adversely to appellant in Rogers v. Housegood (1900), 2 Ch. 388, 69 L. J. Ch. 652. The distinction between a private dwelling house or a private residence, on the one hand, and a house built or occupied as a residence for two or more families, is quite obvious. In the one case it is single, private and personal; in the other it is a sort of tenement affair. While the fam-

ilies occupy separate apartments distinct from each other, they are not private residences as the term is ordinarily understood.

The restriction in this deed prohibits the erection of an apartment house.

The decree of the court below is affirmed, at the cost of appellant.