Fox et al. *v.* Sumerson et ux., Appellants, et al.

Argued April 18, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Emil F. Goldhaber,* for appellants.

*Joseph H. Lieberman,* for appellees.

OPINION BY MR. JUSTICE MAXEY, May 6, 1940:

This is an appeal from a final decree entered by the court below enjoining defendants from the use of certain premises "other than as a private dwelling house for the use of a single family." The court adjudged such use to be violative of the following building restrictions contained in defendants' deed: "That the buildings to

be erected upon the land herein described shall be nothing other than private dwelling houses; . . . that no building or buildings to be erected shall be at any time hereafter forever altered into or used for any other purpose than as above designated."

Defendants, Jacob Sumerson and his wife, the owners of premises at 5636 Woodbine Avenue, Philadelphia, applied for and were granted a permit to make certain alterations to their property, and thereafter proceeded through the Federal Home Improvement Company to make these alterations. The entrance to the premises remains the same except two doors on an enclosed porch now afford entrance to the interior of the house, one of which leads to the ground floor and the other to the second floor. On the ground floor there has been added a bathroom and on the second floor a kitchen has been constructed. Accordingly the house can now accommodate two families. No changes whatsoever were made to the exterior of the premises.

Defendants' exceptions to the findings of fact and the conclusions of law granting a permanent injunction were dismissed and a final decree entered. This appeal followed.

This case is not ruled by *Johnson v. Jones,* 244 Pa. 386, 90 A. 649, as appellant contends. In that case the restriction invoked limited the buildings to be erected, "to church or dwelling-house, together with the outbuildings necessary." It was held that the erection of a building containing "two separate apartments or flats" was not violative of this restriction.

The facts of this case are so closely related to the facts in *Taylor v. Lambert,* 279 Pa. 514, 124 A. 169, as to make our decision in that case controlling here. In that case the restriction limited buildings to be erected to "a private dwelling house." We held that the erection of "an apartment house" on the restricted land would be violative of the restriction. We said: "An apartment house is not a number of private dwellings,

built one upon another, but a collection of dwellings. . . . An apartment house is not strictly a private dwelling; it is a place for housing a number of people grouped in families assigned to different sections in the same structure." We declared that the restriction of land to the erection of "a private dwelling house" is violated "by three families living separate and apart" in the same building, citing *Levy v. Schreyer*, 27 App. Div. 282, 50 N. Y. Supp. 584, 586. We said further: "The distinction between a private dwelling house or a private residence, on the one hand, and a house built or occupied as a residence for two or more families, is quite obvious. In the one case it is single, private and personal; in the other, it is a sort of tenement affair. While the families occupy separate apartments distinct from each other, they are not private residences as the term is ordinarily understood."

*In Re James & Cutts*, 52 Ont. Law Reports 453, it was held that a restriction against the erection of other than "a private dwelling house" is effective to prevent the use of a building by other than a single family. The court said: "An apartment house is none the less a dwelling house though occupied by a number of families but it is not a private dwelling house. The term 'private' in that connection means limitation for use privately, that is, apart from others, or in other words, singly by one family."

In *Koch v. Gorruflo*, 77 N. J. E. 172, 75 Atl. 767, the Court of Chancery of New Jersey held that a covenant by a grantee not to use the premises for any other purpose except for a private residence, is violated by constructing a dwelling house designed to accommodate two families and allowing two families to occupy the same. In that case Vice Chancellor HOWELL said in substance that a house occupied by two or more families is a community house; "the families living there occupy apartments separate and distinct from each other and the house becomes not a private residence . . . but a collec-

tion of apartments leased to different tenants, and if the defendant may be allowed to put two families in her house where shall she stop? She would be as well entitled to put a family in each room and then claim that her property was being occupied as a private residence. The covenant in question gives no such privilege." See also *Pocono Manor Assn. v. Allen et al.,* 337 Pa. 442.

The decree is affirmed at appellants' cost.