No. 16,956.

FLAKS ET AL. *v.* WICHMAN ET AL.

(260 P. [2d] 737)

Decided June 15, 1953.   Rehearing denied August 17, 1953.

Mr. GEORGE M. GIBSON, for plaintiffs in error.

Mr. DON W. HIGBY, for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

It may well be assumed that only one question of law is presented by the record in this case, and our answer involves the interpretation of a restricted covenant contained in the deed to the real property here involved. The factual situation is not in dispute and is, briefly:

In the trial court there was a consolidation of two causes of action involving the same question, and we will consider the two cases as one. The Myron Stratton Home, a corporation, as owner of property located in Cheyenne Canyon, El Paso county, subdivided a portion into a subdivision known as Cresta Vista in 1945, and in 1946, subdivided an adjoining portion into a subdivision known as Cresta Vista No. 2, and filed a plat of both subdivisions for record. The combined subdivisions consisted of six blocks divided into seventy-one lots. The Myron Stratton Home Corporation sold and deeded all of said lots in both subdivisions with the exception of two, and each lot was conveyed by deed of record containing the following clause: "That the said party of the first part, for and in consideration of ten dollars and other good and valuable considerations to said party of the first part in hand paid, and in further consideration of the agreements now hereby entered into by and between the parties hereto for themselves, their heirs, successors and assigns, that intoxicating liquors shall never be manufactured, sold or otherwise disposed of as a beverage on or upon the premises hereby conveyed or any part thereof, and that no building shall be constructed upon said premises other than for private residence purposes and the cost of construction of said dwelling house shall not be less than $7500; but that the grantees herein shall have the right to construct a private automobile garage of their own; and does hereby expressly reserve to said party of the first part that in case either or any of the above mentioned conditions concerning intoxicating

liquors, or the erection of any building upon said premises, or the maintenance of said premises are broken by the said parties of the second part, their heirs or assigns, then this deed shall be and become at once null and void and all right, title and interest of, in and to the premises conveyed shall revert to the party of the first part, its successors and assigns, and the said parties of the second part by accepting this deed for themselves and their heirs and assigns consent and agree to the reservations and conditions aforesaid."

Fifty-four single-family residences and one two-family dwelling have been constructed on these lots. The owners of lots in four instances obtained building permits on about August 18, 1952, from the county of El Paso to construct a two-family dwelling known as a duplex. These structures have been completed. Plaintiffs in error are the owners in joint tenancy of other lots in the subdivision by virtue of deeds containing the same restriction; they have constructed single-family dwelling houses on their property, and in their behalf and that of all other owners of lots similarly situated in the said subdivisions, on August 21, 1952, three days after the issuance of the permit, they filed complaint against defendants in error for temporary and permanent injunction restraining them from constructing any dwelling other than a single-family dwelling for private residence purposes, and for an order removing from said property any structures or buildings erected thereon which are contrary to, and violate the provisions of, the warranty deed under which defendants claim title to said property.

In their answers as filed, defendants make the obvious admissions, then deny that the restriction clause prevents their proposed construction, and submit that the proper construction of said restriction is to prohibit business enterprises in the subdivision.

The issue thus formed was tried to the court, and at the conclusion of all the evidence, the court in its con-

clusions of law stated as follows: "From the covenants hereintofore set forth, the Court concludes that as a matter of law, without reference to the surrounding circumstances, the said covenants do not forbid the erection of residences other than one family dwellings and that multiple family residences, in this case two family dwellings, may be constructed by the defendants on their respective lots without violating said covenants, * * *." The court thereupon denied the injunction and other matters prayed for in the complaint; dispensed with the filing of a motion for new trial; and judgment was entered accordingly, to which judgment this writ is prosecuted.

We are not unmindful of the universal rule that in construing a building restriction, all doubts must be resolved against the restriction and in favor of free and unrestricted use of property. Problems kindred to the one here presented have been before many courts; however we are not referred to any case involving a restriction of the exact wording of the one here questioned. We are caused to observe the following language in the trial court's conclusions of law, "the Court concludes that as a matter of law, without reference to the surrounding circumstances, * * *." As we view the situation, "surrounding circumstances" would involve a consideration of the admitted fact that all of the deeds and all of the lots in both subdivisions were uniform as to containing this identical restriction, and it discloses a general intent of the grantor to impose restrictions for the benefit of all lot owners as one against another. It is stipulated herein to the effect that a substantial violation could be enjoined in the suit of one legally interested in the enforcement of the covenant.

The distinctive feature of the restriction before us is the use of the words "for private residence purposes." The word "private" has a clear meaning, and, as applied here, connotes that the word "residence" as used in its singular sense is peculiar to the privacy of one man

and his family, and would not apply to structures for two or more families. The restriction does not say, "for private residences," but distinctly reads, "for private residence purposes."

Defendants in error place some reliance on the case of *Goodyear Heights Realty Co. v. Furry*, 33 Ohio App. 432, 170 N.E. 23, which involved the matter of the owner of a lot constructing a dwelling house on the south end of the lot and conveying the remaining portion of the lot, and the grantee under the second conveyance started to build another residence. It was claimed that a restricted covenant was violated which contained the following: "The property shall be used for private residence purposes only." Relief was denied under a holding that the two structures were private residences and therefore is not persuasive in consideration of the restrictive covenant before us which, in words and effect, is different. The restriction here is "that no *building* shall be constructed upon said premises other than for private residence purposes * * *." This restriction refers to the "building" and not the "property." Who could point to a duplex or double house and logically or sincerely say, "There is a private residence?" Our language and the common everyday use thereof is a denial of such an expression.

We find an interesting treatment of this subject in *Ward v. Prospect Manor Corporation*, 188 Wis. 534, 206 N.W. 856, involving the following portion of a restrictive covenant, " * * * or any building or buildings to be used or occupied for any other purpose than a private residence or dwelling house," in which the court said, "It is conceded that the term 'private residence, or dwelling house,' used in this covenant, means a dwelling house for a single family." (Citing cases in support thereof.) The court further stated, "As a matter of law, therefore, these duplex buildings are in violation of the restrictive covenant under consideration."

On this subject we find in a well-reasoned opinion in

the case of *Walker v. Haslett,* 44 Cal. App. 394, 186 Pac. 622, a discussion of the violation of the following covenant, "No building or structure whatever other than '*a* first class private residence' of at least two full stories in height." The following quotation has apt application here: "The terms of the covenant relied on by the plaintiff here are clear and unmistakable. They forbid the erection or maintenance of a building, such as is here complained of, constructed for the use of two families living separately and apart from each other—a building usually described in the cases as a 'double house' or a 'duplex building.' The covenant is that no building or structure whatever other than '*a* first-class private residence' shall be erected or permitted on the premises; the restriction is to 'a' private residence—in the singular, not the plural. * * * A building planned and designed for the residence or place of abode of two families cannot properly be described as one residence."

In 14 A.L.R. 2d, page 1395, section 6, we find the following:

"The addition of the adjective 'private' to a restriction to a 'dwelling' or 'one' or a 'single' dwelling appears to indicate the intention of the parties to more narrowly restrict the use of the property.

"The term 'private dwelling house' used in a restrictive covenant, has been said to purport a building designed as a single dwelling to be used by one family." (Citing cases) from which the " 'private residence or dwelling house' means 'house for a single family.'

"A majority of the courts considering the question have reached the conclusion that such a restriction prohibits the use of the property for a duplex or double house."

The cases construing covenants cited by defendants in error do not use or treat the word "private," which becomes all important in our consideration. Every word of the covenant must be given a meaning, and we conclude by saying that the authorities seem to be al-

most unanimous to the effect that when the word "private" is used in connection with the word "residence" it means single family residence.

We are clearly of the opinion that the restricted covenant contained in all of the deeds to both subdivisions prevent the construction of a double or duplex building thereon, therefore the trial court was in error in holding that the covenants do not so forbid. Hardship may result; however, all parties hereto stipulated in open court that the covenant could be enforced under a ruling that the covenant did forbid the erection of such buildings as were proposed.

The judgment is reversed and the cause remanded with directions to the trial court to enter such orders as may be sought, in keeping with this opinion.

MR. JUSTICE MOORE and MR. JUSTICE CLARK dissent.