No. 17,432.

LA ROCCO ET AL. *v.* FERNANDEZ ET AL.

(277 P. [2d] 232)

Decided November 29, 1954. Rehearing denied December 20, 1954.

524

Mr. EMORY L. O'CONNELL, Mr. CECIL R. DITSCH, for plaintiffs in error.

Mr. DUDLEY I. HUTCHINSON, Mr. DUDLEY I. HUTCHINSON, JR., Mr. T. HENRY HUTCHINSON, for defendants in error Fernandez.

Messrs. WOLVINGTON & WORMWOOD, for defendant in error Lannan.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

PLAINTIFFS in error as plaintiffs filed their complaint in damages against the now defendants in error, or one of them, for and on account of damage to their automobile and for the death of their son, arising out of a collision of automobiles on the night of September 22, 1951, on an east-west road known as Base Line Road in Boulder county. At the close of plaintiffs' case defendants moved for dismissal of the complaint on the ground that plaintiffs had failed to show that either of defendants were negligent, and that there was no evidence as to how plaintiffs' car was damaged, or as to what car or cars collided with it. The court sustained the motion

and defendants dismissed the cross complaint which they had filed. Seeking reversal of this order of dismissal, plaintiffs obtained the issuance of a writ of error by this Court and prosecute a review upon the contention that the trial court erred in sustaining a motion to dismiss at the conclusion of plaintiffs' testimony for the reasons that the admissions and allegations in the pleadings, opening statements, and evidence, made out a prima facie case against defendants.

At the time of the accident, one of the defendants, Joe Fernandez, was driving an automobile belonging to another defendant, Eliseo Fernandez, in a westerly direction on the highway known as the Base Line Road in Boulder county. At the same time, James Lannan, the other defendant, accompanied by two boys, Tod and Manning, was driving an automobile in an easterly direction on the highway. Fernandez, by his defensive pleading, claimed that Lannan was on the wrong side of the highway; and Lannan, by his defensive pleading, alleged that Fernandez was on the wrong side of the highway. At any rate, the two cars sideswiped to their damage; the Lannon car proceeding eastward and the Fernandez car travelling a distance to the west and turning over.

At the time of the collision, Rocco La Rocco, a minor son of plaintiffs, was driving an automobile in a westerly direction apparently immediately behind the Fernandez car, and it is alleged by defendant Fernandez that the Lannan car, after sideswiping the Fernandez car, went eastward head on into the La Rocco car. The La Rocco car was found badly damaged a little to the west of the point of impact, up and on the bank of an irrigation ditch, which was alongside the road, and the La Rocco boy was killed.

The first claim by plaintiffs in their complaint was for damages to the automobile; compensation was sought by another plaintiff, Western Casualty and Surety Company, as subrogated insurer; and plaintiffs sought com-

pensation for the uninsured damage. The second claim in the complaint was that defendants Joe Fernandez and James Lannan, or either or both of them, negligently drove their automobile into and against the automobile of plaintiffs, which negligence caused the death of plaintiffs' son Rocco, and they prayed for damages in the sum of $10,000.

Defendants Fernandez filed their answer and cross claim denying negligence on the part of Joe Fernandez, but admitted that defendant James Lannan negligently and carelessly operated his automobile as alleged by plaintiffs, and admitted, "that the acts of said James Lannan caused the alleged damage to the automobile of the plaintiff Veto La Rocco." As a second defense they alleged that plaintiffs' son was operating their automobile in a careless and negligent manner. As a first defense to the second claim of plaintiffs, defendants Fernandez allege, "that the defendant James Lannan was carelessly, negligently and unlawfully driving the car then operated by him as set forth in paragraph 1 of the second claim and allege said automobile driven by said James Lannan came in contact with the automobile operated by Rocco Veto La Rocco; and further allege that as a result of such negligent operation by James Lannan, the automobile operated by the defendant James Lannan was driven into and against the automobile driven by Rocco Veto La Rocco."

Defendant Lannan, as a first defense to plaintiffs' second claim alleged "that the defendants Fernandez negligently and carelessly drove the automobile causing a collision with an automobile driven by Rocco Veto La Rocco." He then denied that the collision was the result of any negligent act or omission on his part.

In the opening statement to the jury, counsel for defendants Fernandez stated, "that the cause of this collision is the fault of the driver of the other car, Mr. Lannan, by being on the wrong side of the road * * * I believe our evidence will show * * *." He further stated

that the evidence would show conclusively that Fernandez was driving in a careful manner and on the right side of the road; that there was no negligence on his part which contributed to, or was a proximate cause of, the accident.

Counsel for defendant Lannan, in his opening statement, after stating that the two boys herein mentioned were passengers, said, in referring to one of the boys, "Young Manning, however, remembers a little more about the collision than does Mr. Lannan and young Manning's testimony will be to the effect that this other car loomed up, which presumably was the Fernandez car, partially over on the Lannan side of the road; that the Lannan car was on its own side of the road at all times, and just at the same time the lights of the Fernandez car loomed up, the lights of another car, apparently the La Rocco car, showed up as if he was attempting to pass this other oncoming car. He will testify there was this collision between the Fernandez and the Lannan cars. The side-swiping of the Fernandez' car and that there was a collision immediately thereafter between the Lannan car and the La Rocco car."

Plaintiffs' motion for new trial was based upon alleged error in sustaining the motions to dismiss plaintiffs' action, because plaintiffs contended that a prima facie case had been made against one or the other of the defendants. Counsel for defendants claim that the motion for new trial did not set up any claimed error committed by the trial court on admissions made by attorneys for defendants in their opening statement. A cursory study of the motion for new trial reveals that it is broad enough to comprehend this question, which was no doubt argued in support of the motion and the claim that a prima facie case had been established by the pleadings and the evidence. If, as we have held, and now hold, the admissions or statements of counsel in their opening arguments are binding upon their clients, then it falls within the many definitions of evidence, be-

cause it was here one of the means that the facts were before the court to be either substantiated or disproved. The effect of such statements or admissions cannot be voided by the argument defendants' counsel now make. Counsel for defendants still insist that there was not "a shred of evidence" that would show how the La Rocco car was damaged or as to what car or cars collided with it, and no evidence that it ever came in contact with the Lannan automobile. It further is contended that an admission by one defendant as to the acts of another defendant is not binding, and an admission in a plea or answer of one defendant is not conclusive on the other defendant. This latter contention on its face is meritorious; however, plaintiffs here contend only that the allegations, admissions and statements are binding on the defendants who made them.

As a result of the above contentions of defendants, they further assert that there was no evidence of the proximate cause of the accident to plaintiffs' car and the death of the driver. This contention must fail, when, as here, the record as made up by the defensive pleadings and the admissions of counsel is crystal clear that one or the other, or both, defendants set in motion the circumstances that resulted in the unfortunate happening, and the fact that each defendant blames the other does not change the matter of proximate cause. On a trial, the submission of evidence by the defendants might have shown that neither was responsible, or there might have been a clear determination as to the responsibility of one and not the other.

In general support of the contention by counsel for defendants that a party is not bound by remarks of counsel made in their opening statement concerning anticipated proof, they refer to the case of *Carr v. Boyd*, 123 Colo. 350, 229 P. (2d) 659, and further state, "Where the statement of counsel unsupported by the witness supposed to testify to the evidence referred to had no probative effect." We venture to suggest that a reread-

ing of the opinion in that case by counsel for defendants might be helpful, and we fail to understand why counsel would attempt to throw a different light on the case. Moreover, the rule announced therein is absolutely contrary to that for which counsel for defendants now contend. Instead of, as defendants' counsel now say, the statement "had no probative effect," the opinion is clear on the subject that the statement was prejudicial and constituted ground for reversal.

The courts in this jurisdiction are committed to the rule that in a proper case a judgment may be entered for or against a plaintiff as a result of admissions by counsel in the opening statement, or upon facts necessary to support the claim of the defense thereto. This being true, it should require no further discussion to clearly establish the rule that the trial court should consider statements of fact contained in an opening statement of counsel and the pleadings in ruling upon a motion to dismiss at the conclusion of plaintiffs' case. It is just as much the inherent power of a trial court to act upon facts stated or conceded by counsel as it is to finally act upon the evidence adduced. The converse of the situation we now have under consideration is clearly set out in the case of *Nation v. Clay,* 125 Kan. 735, 266 Pac. 45, in which the court said: "When by admission of the defendants in pleadings or in opening statements, it is made to appear that the defendants have no meritorious defense against an obligation like the one sued on, it is a common and proper practice to move for and obtain judgment on the pleadings or opening statements."

It is to be remembered that in the instant case plaintiffs were faced with handicaps in the matter of direct testimony. The driver of the car, their son, was dead, and the other passenger in the car suffered a complete loss of memory due to a very serious brain concussion caused by the accident; furthermore, one of the passengers in the Lannan car had disappeared; Lannan did not contend that his memory was clear; and Fer-

nandez, before and after the accident, travelling in an opposite direction, did not see what took place behind him; however, from all the circumstances, a jury could reach proper conclusions. These were the actual facts; however, we do not believe that these facts were absolutely necessary to establish a prima facie case, because of the undeniable fact that one or the other or both of the defendants was or were negligent, and that this negligence was the proximate cause of the accident. It having been alleged by plaintiffs and admitted by defendants that the collision was proximately caused by the negligence of one or both of defendant drivers of cars, upon showing of loss, a prima facie case was automatically presented resulting in an issue of fact requiring solution by the jury; moreover, the circumstances as to the accident speak for themselves, and therefore the doctrine of res ipsa loquitur is applicable. Motions for dismissal as here presented may properly be based only upon questions of law.

The action of the trial court seems to have been in disregard of the pleadings and the statements of counsel; the court confined its conclusion to the testimony from the witnesses; and invoked the harsh rule of dismissal without hearing defendants' evidence.

For the reasons herein indicated the judgment is reversed and the cause remanded with directions to the trial court to reinstate plaintiffs' complaint and to proceed with an orderly trial.