No. 19,484.

IRA J. SMITH *v.* PAUL W. NELSON, ET AL.

(368 P. [2d] 566)

Decided February 5, 1962.   Rehearing denied February 19, 1962.

Mr. ROBERT H. GLEASON, for plaintiff in error.

Mr. DONALD L. LORENZ, for defendants in error.

*In Department.*

Opinion by Mr. Justice Hall.

The parties appear here in reverse order to their appearance in the trial court. We refer to them as plaintiffs and defendant, as they appeared in the trial court.

Plaintiffs, as owners of Lots 6 to 15, inc., Block 3, and Lots 16 to 20, inc., Block 2, of North Highlands Addition to the Town of Steamboat Springs, Routt County, Colorado, together with all improvements (six homes) thereon, commenced this action by filing a complaint on September 3, 1959. They sought (1) a mandatory injunction requiring the defendant, owner of Lots 21 and 22 in said Block 2, to comply with the terms of an agreement imposing certain restrictive covenants concerning the type and location of improvements that could be placed on said lots, and (2) an injunction to restrain defendant from placing houses on said lots in violation of the terms of said agreement. Attached to the complaint is a copy of the agreement executed November 7, 1941, duly acknowledged and recorded in the office of the County Clerk of Routt County, Colorado, November 14, 1941. This agreement is signed by the then owners of all of Lots 6 to 15, Block 3, and Lots 16 to 22, Block 2. The violations of which complaint was made are: (1) placing two houses on one residential building plot; (2) placing a building nearer than forty feet to the front line of the building plot or nearer than five feet to any side street line; (3) placing a residential structure containing an area of less than 790 square feet upon building plots; (4) moving two old residences from other locations onto one lot, each of which dwellings cost the defendant much less than $4000.00; (5) violating the intent and purpose of the restrictive covenants.

To this complaint the defendant filed an answer in which he admits the execution and recording of the agreement containing the restrictive covenants, but denies that the same has validity, admits that defendant

acquired title to his lots "burdened with said easements, covenants and restrictions in favor of plaintiffs," admits that he has started construction of one house on a building plot and moved a second house onto another building plot, said plots composing Lots 21 and 22. For a second defense he alleges generally that some of the plaintiffs are maintaining structures on their lots in violation of the restrictive covenants and therefore cannot complain of what defendant does with his lots; that the plaintiffs have expressly or impliedly permitted others to violate the terms of said agreement and by so doing the agreement has been abandoned. As a further defense or bar, the defendant states that the plaintiffs, in standing idly by while he placed two houses on his lots, are guilty of laches which estop them from obtaining any relief. Plaintiffs by reply deny affirmative matters set forth in the answer.

Trial was to the court which heard extensive testimony, and pursuant to request of counsel for all parties viewed the properties of all of the parties. Findings were entered, the pertinent portions of which are as follows:

1. That all of the lots are subject to the restrictive covenants; (2) that the defendant acquired title to Lots 21 and 22 on May 2, 1959, burdened with the provisions of the agreement of November 7, 1941, imposing the restrictions on the use of the lots, and with knowledge thereof; (3) that defendant, during 1959, moved two houses onto Lot 22, both in violation of said agreement; (4) that the restrictive covenants are of beneficial value to the plaintiffs and the lots affected thereby; (5) that the defendant had actual and constructive notice of said restrictions and proceeded in violation thereof; (6) that plaintiffs will suffer irreparable damage unless the defendant complies with said covenants.

Judgment was entered April 25, 1960, directing that by July 1, 1960, the defendant (1) move the (Mt. Harris) house facing Boulevard back to a point at least forty

feet from the property line; (2) move the second (Nelson House) from Lot 22, and (3) complete the Mt. Harris house so that it will have a finished appearance within a reasonable time.

The defendant is here by writ of error seeking reversal.

■ As a first ground for reversal defendant contends that the restrictive covenants have not been violated in the manner as found by the court. That the agreement in using the words "lot" and "plot" does not use them interchangeably, but that they have separate and distinct meanings. This argument is ingenious, but to so construe the agreement would render the same meaningless. The intention of the parties signing the agreement is very plain. The words "plot" and "lot" are used interchangeably. Examples thereof are numerous.

The agreement provides that all lots in the tract shall be known and described as residential lots. Paragraph A provides:

"No structure shall be erected * * * on any residential building *plot* other than one detached single-family dwelling * * * and a private garage * * * incidental to residential use of the *plot* * * * and situate on the rear half of the *lot* on which constructed." (Emphasis supplied.)

Paragraph B uses the designation "plot" and "lot" without distinguishing one from the other. Paragraph C refers to "building *plot*" and "front *lot* line" and "side *lot* line." Paragraph E provides that no activity shall be carried on upon any *lot* which is offensive. Paragraph G provides that no dwelling costing less than $4000.00 shall be permitted on any *lot* in the tract. To construe the agreement as contended by counsel would do violence to the express wording thereof, destroy the manifest intention of the parties and defeat its whole purpose.

■ Counsel next argues that there has been a waiver of the agreement. It is indeed difficult to understand

this contention in the light of the testimony of every owner, except defendant, that in acquiring their properties and moving in or building thereon they were aware of and motivated by the fact that they were going to live in a regulated neighborhood. It is difficult to spell out a waiver from the testimony of all of the owners except defendant, that immediately on learning of defendant's plans a neighborhood meeting was had and two of those attending were delegated to call on the defendant, advise him of the restrictions and warn him that he must comply therewith. Certainly defendant did not consider their conduct a waiver, for he admitted plaintiffs were there on the day he first staked out his basement and four or five days in a row thereafter, insisting that he comply with the covenants. He told plaintiffs' representatives that he had a building permit from the mayor and that other things "didn't amount to nothing," and that anything that plaintiffs said wouldn't make any difference.

Paragraph 6 of plaintiffs' complaint alleges:

"The defendant, Ira J. Smith, acquired title to Lots 21 and 22, Block 2, North Highlands Addition to the Town of Steamboat Springs, burdened with said easements, covenants and restrictions in favor of Plaintiffs."

Defendant by his answer admits this allegation, and having done so is in no position to contend that the restrictions had been waived and the program abandoned.

■ Another point argued is that of "latches" (laches). All the witnesses are agreed that before defendant did anything toward building on his lots he was warned that he must comply. Warning did no good and defendant stated under oath that further talk or warning would have made no difference. He went right ahead, moved a $125.00 shack onto one end of Lot 22, bought another $75.00 shack and moved it onto the back end of the same lot, after he had been served with summons and complaint in this action.

The defendant being fully aware of the limitations as to the use that he might lawfully make of this property, knowingly saw fit to proceed in ways of his own choosing to the detriment of his neighbors and fellow owners, whose property was encumbered with the same limitations as to its use as was his property.

The equitable relief granted to plaintiffs is proper. *Seeger v. Puckett,* 115 Colo. 185, 171 P. (2d) 415; *Flaks v. Wichman,* 128 Colo. 45, 260 P. (2d) 737; *Taylor v. Melton,* 130 Colo. 280, 274 P. (2d) 977; *Pagel v. Gisi,* 132 Colo. 181, 286 P. (2d) 636.

The judgment is affirmed.

The times allotted for the defendant to comply with the court's order having long since expired, it is ordered that the trial judge who heard the matter fix a new time within which the defendant shall perform the acts required by the original judgment.

MR. CHIEF JUSTICE DAY and MR. JUSTICE McWILLIAMS concur.