Opinion by
Mr. Justice Hall.
This is the second time this case has been before us. Smith v. Nelson, et al., 149 Colo. 200, 368 P. (2d) 566, February 5, 1962. Pursuant to the remittitur in that *274 case, the trial court, on June 30, 1962, after notice to Smith, and hearing held June 19, 1962, entered a supplemental order and decree requiring Smith, on or before August 3, 1962, to move the so-called Harris house back to a point at least forty feet from the property line of the lot on which it was situated, and within the same time to remove the so-called Nelson house from his lots.
On August 2, 1962, the defendant filed his verified motion alleging that he had been unable to move the Harris house or remove the Nelson house, though he had made every effort to get someone to do the moving, and based on such alleged facts requested additional time (not specified) to comply with the supplemental order of the court. There is nothing in the record to indicate that a copy of this motion was ever served on plaintiffs or their attorney. However, on August 6, 1962, plaintiffs filed their petition seeking a citation for contempt because of defendant’s failure to comply with the supplemental order of June 30. Citation was issued on August 13, 1962, returnable August 27, 1962.
On August 27, 1962, hearing was had on the motion for additional time and also the order to show cause why the defendant should not be adjudged in contempt.
At the close of the hearing the matter was taken under advisement, and on September 8, 1962, findings and judgment was entered, in which the defendant was adjudged in contempt and ordered confined in the county jail until such time as he purge himself of the contempt of which he was found guilty by moving both houses as ordered. The motion for additional time was denied.
The defendant is here by writ of error seeking reversal.
At the June 19, 1962, hearing the defendant testified at length detailing fruitless efforts made to enlist the services of housemovers to move the houses so as to *275 comply with the court’s order. His testimony was corroborated to some degree by a housemover who had been and was then too busy in behalf of others to help defendant with his problems. Further corroboration came from a minister of the gospel who had accompanied the defendant on two trips purportedly made by defendant in quest of a housemover. He, however, heard no conversation between defendant and any other person concerning housemoving.
The plaintiffs offered the testimony of three witnesses who lived across the street from the offending houses and whose properties were subject to the same restrictive covenants as was defendant’s property. Their testimony was generally to the effect that defendant had done virtually nothing to remedy the situation created by moving the houses onto his lots three years previously.
Counsel for defendant urges that his client having offered proof of his inability to comply with the court’s order, it then became incumbent upon the plaintiffs to show that he could comply, and that plaintiffs have failed to discharge this burden. The defendant, therefore, has purged himself of the alleged contempt.
Counsel further urges that it is the majority rule that: “ * * * inability of an alleged contemnor, without fault on his part, to render obedience to a decree of court is a good defense to the contempt. * * * .”
Such a rule cannot aid defendant here, for there can be no doubt that the trial court was unimpressed with his story and did not consider it of sufficient weight to shift the burden of proof.
The trial court was the judge of the credibility of the witnesses. It was not bound to accept as true that which appeared to be false. Being well aware of defendant’s attitude — the fact that in the summer of 1959 he had knowingly and in direct violation of the restrictive covenants in his deed, moved two shacks onto *276 his lots; that when plaintiffs warned him that his deed did not permit such use, he shrugged off their warning with a statement that the restrictive covenants “didn’t amount to nothing.”
After the decision of this court and the supplemental order of the trial court fixing a new date for removal of the houses, he rented one of the houses which was occupied by his tenant at the time of the contempt hearing.
The fact, if it be a fact, that housemovers are not available every day is no reason for not moving the houses; they having been put together board by board, and nail by nail, their removal can be accomplished by the same process.
The trial court was well within its authority in finding the defendant guilty of contempt and imposing punishment.
The judgment is affirmed.