489 P.2d 347 (1971)
Paul SKEENS, Plaintiff-Appellant,
v.
J. F. KROH, Defendant-Appellee.
No. 70-400.
Colorado Court of Appeals, Div. I.
September 28, 1971.
Ashen & Fogel, George T. Ashen, Denver, for plaintiff-appellant.
Wood, Ris & Hames, Eugene S. Hames, Denver, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
This case involves a claim for damages allegedly resulting from an automobile accident. Trial was to a jury. At the conclusion of the plaintiff's case, the court dismissed the action on defendant's motion because the plaintiff was unable to identify the defendant.
Plaintiff's complaint alleged that defendant negligently and carelessly operated his automobile causing it to strike the plaintiff's automobile, resulting in injury to the plaintiff. The defendant admitted in his pleadings that his automobile was involved in an accident with plaintiff's automobile. *348 The theory of defendant's defense, as expressed in his pleadings and opening statement, was that even though there was an accident, it was so minor that it could not possibly have caused any injuries to the plaintiff. The plaintiff's evidence established that plaintiff was seated in his automobile which was properly parked at the curb of a city street when the defendant's automobile turned into a driveway in front of plaintiff's automobile. The right rear door of defendant's car scraped along the left front bumper of plaintiff's car, jolting the plaintiff. Plaintiff's medical testimony was to the effect that a pre-existing neck injury was aggravated by this accident. Approximately two years had elapsed between the time of the accident and the trial. In plaintiff's testimony he could not identify the defendant, who was seated in the court room at the time, as the man who was driving the defendant's car.
The trial court concluded that plaintiff's inability to positively identify the gentleman seated at the defense counsel's table as the named defendant was fatal to plaintiff's case and cause for dismissal. We do not agree.
The defendant's answer admitted that his automobile was involved in an accident with plaintiff's automobile and in his opening statement, defendant's attorney stated that defendant was driving his automobile at the time of the accident. Specific admissions in pleadings preclude the pleader from later taking a position inconsistent with the existence of the facts admitted. Harvey v. Denver & R. G. R. Co., 56 Colo. 570, 139 P. 1098; Smith v. Nelson, 149 Colo. 200, 368 P.2d 566. Admissions of counsel in opening statements are binding upon their clients. La Rocca v. Fernandez, 130 Colo. 523, 277 P.2d 232. Facts thus conceded by counsel in pleadings or opening statements should be considered by the trial court in ruling upon a motion to dismiss. La Rocca, supra.
In determining a motion to dismiss at the conclusion of the plaintiff's evidence in a jury trial, the court must consider the evidence and all inferences in the light most favorable to the plaintiff. Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185; Crosby v. Canino, 84 Colo. 225, 268 P. 1021. Applying this rule to the facts brought out by the pleadings, the opening statements and evidence presented in this case, we hold that the plaintiff presented a prima facie case which should not have been dismissed by the court.
Judgment reversed and remanded for a new trial on all issues.
SILVERSTEIN, C. J., and PIERCE, J., concur.