**682**

The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Russell Dean TAYLOR,
Defendant-Appellant.

No. 81SA364.

Supreme Court of Colorado,
En Banc.

July 6, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, J. Stephen Phillips, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Gerald E. Piper, Deputy State Public Defender, Denver, for defendant-appellant.

ROVIRA, Justice.

The defendant, Russell Dean Taylor, was convicted of three counts of theft;[1] three counts of theft by receiving;[2] and possession of an illegal weapon.[3] He was sentenced to concurrent terms of two to five years on each of the theft counts, eight to fifteen years on each of the theft by receiving counts, and an indeterminate to twenty-four month term for possessing an illegal weapon.

On appeal,[4] the defendant asserts two grounds for reversal: (1) the trial court erred in not granting his motion made at the close of the prosecution's case, requiring the prosecution to elect between the theft counts and the related theft by receiving counts or, in the alternative, by failing to instruct the jury that it could not find the defendant guilty of both theft and theft by receiving; (2) the theft by receiving statute, section 18–4–410(6), C.R.S.1973, is unconstitutional.

The attorney general concedes that since the theft and theft by receiving convictions all arise out of the same transaction the trial court erred in not granting defendant's motion. He agrees that the defendant could not properly have been found guilty of theft and theft by receiving, but only guilty of theft or theft by receiving. *See*

---

1. Section 18–4–401(2)(c), C.R.S.1973 (1978 Repl.Vol. 8). Theft is a class 4 felony if the value of the thing involved is $200 or more but less than $10,000.

2. Section 18–4–410(6), C.R.S.1973 (1978 Repl. Vol. 8). Theft by receiving is a class 3 felony when the value of the thing involved is $200 or more and the person committing theft by receiving is engaged in the business of buying, selling, or otherwise disposing of stolen goods for a profit.

3. Section 18–12–102, C.R.S.1973 (1978 Repl. Vol. 8).

4. This appeal was filed originally in the court of appeals and was transferred to this court because of a constitutional claim raised by the defendant. *See* sections 13–4–102(1)(b) and 13–4–110, C.R.S.1973.

*People v. Jackson*, Colo., 627 P.2d 741 (1981); *People v. Hardin*, Colo., 607 P.2d 1291 (1980); *People v. Lamirato*, 180 Colo. 250, 504 P.2d 661 (1972).

At oral argument, the defendant admitted that he was guilty of theft. Under the circumstances presented here, since the defendant could not be validly convicted of both theft by receiving and theft, we conclude that the convictions of theft by receiving should be reversed.

Our resolution of defendant's first ground for reversal obviates the necessity of deciding his claim that the theft by receiving statute, section 18–4–410(6), C.R.S. 1973, is unconstitutional.

The defendant's convictions for theft and possession of an illegal weapon are affirmed. His convictions for theft by receiving are reversed, and the cause is remanded to the district court with directions to dismiss.

