The PEOPLE, of the State of Colorado, Plaintiff-Appellee,

v.

Cathy HEPLER, Defendant-Appellant.

No. 81CA0561.

Colorado Court of Appeals, Div. 1.

Dec. 30, 1982.

Rehearing Denied Jan. 27, 1983.

Certiorari Denied June 20, 1983.

**628**

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel Cantrick, Sp. Asst. Atty. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Charles F. Kaiser, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Cathy C. Hepler, appeals her conviction for misdemeanor theft by receiving. We affirm.

Defendant was initially charged with burglary, felony theft, conspiracy to commit theft and burglary, and felony theft by receiving. At trial, the manager of the apartment complex from which the subject furniture was stolen testified that the cost of replacing the stolen furniture with furniture of the same age and condition would be approximately $350. She also testified that the stolen furniture was in good, usable condition. At the close of the prosecu-

tion's case, defendant asserted that evidence of replacement value alone was insufficient to stand as evidence of the fair market value of the furniture and, therefore, requested the court to reduce the felony theft and theft by receiving charges to conform with the evidence, which was that the furniture merely had some value. The court agreed and reduced the pertinent charges to misdemeanor theft and misdemeanor theft by receiving.

The jury was instructed, *inter alia,* as to the elements of theft by receiving, *see* § 18–4–410(1), C.R.S.1973 (1978 Repl. Vol. 8), and was also instructed that:

> "The value of the goods in question is now recognized legally to be simply that they have 'a value', but any allegation that they have a value of $200.00 is no longer an issue for you to consider."

The jury found the defendant guilty of theft by receiving but returned not guilty verdicts as to all other charges.

**I.**

On appeal, defendant contends that the court erred in giving the quoted instruction because that instruction removed an element of the crime of theft by receiving from the jury's consideration, namely that the stolen property was a thing "of value." We disagree.

Defendant's position is contrary to the undisputed evidence and is contrary to the position she took at trial. The evidence before the trial court was sufficient to justify an instruction that the furniture had *some* value. *See People v. Codding,* 191 Colo. 168, 551 P.2d 192 (1976). In any event, having argued at trial that the evidence showed that the furniture had a value, defendant cannot now effectively argue for a position totally inconsistent with her previous one. *See Nelson v. Lake Canal Co.,* 644 P.2d 55 (Colo.App.1981); *Skeens v. Kroh,* 30 Colo.App. 88, 489 P.2d 347 (1971). Accordingly, the trial court did not err in giving the quoted instruction.

II.

Defendant also contends that the court erred in failing to require the prosecution to elect between theft and theft by receiving. We do not find reversible error in this contention.

■ In enacting the theft by receiving statute, § 18–4–410, C.R.S.1973 (1978 Repl. Vol. 8), the General Assembly intended to create a separate crime from the offense of theft, not merely to expand the definition of theft. *People v. Jackson,* 627 P.2d 741 (Colo.1981). Consonant with this legislative intent, the Supreme Court has determined that a person who has actively participated in a theft cannot be convicted of both the theft and theft by receiving of the stolen property. *People v. Taylor,* 647 P.2d 682 (Colo.1982); *People v. Jackson, supra; People v. Lamirato,* 180 Colo. 250, 504 P.2d 661 (1972).

■ In the instant case the defendant did not request an election as provided for in § 18–1–408(3), C.R.S.1973 (1978 Repl. Vol. 8). The trial court then instructed the jury on the charges of both theft and theft by receiving, and also instructed the jury that "[t]he defendant may be found guilty or not guilty of any one or all of the offenses charged." While this instruction is contrary to the holding in *People v. Taylor, supra, People v. Jackson, supra,* and *People v. Lamirato, supra,* in this case it was harmless error to so instruct the jury.

■ Even where the defendant is convicted of both theft and theft by receiving, a new trial is not warranted. *People v. Jackson, supra.* Rather, the appellate court may reverse only one of the convictions, if there is sufficient evidence to sustain the remaining conviction. *People v. Taylor, supra; People v. Jackson, supra.* Here, because defendant was convicted only of the one charge of theft by receiving, the facts do not rise to the level of the facts recounted in the above cited cases. There is no basis, therefore, on which to require a new trial. *See People v. Taylor, supra.*

Judgment affirmed.

COYTE and STERNBERG, JJ., concur.