I agree that "private residence" means single family residence, and I further agree that the trial court was correct in finding that the plaintiffs' anticipated use of the property would violate the restrictive covenant prohibiting a use of the property for *Page 7 
something other than private residential purposes. This result had to be reached because the plaintiffs admitted that they intended to build one duplex unit and one triplex unit on the lot. Such units are not considered to be for private residential purposes under Flaks v. Wichman, 128 Colo. 45,260 P.2d 737 (1953); Fox v. Sumerson, 338 Pa. 545, 13 A.2d 1
(1940); and Koch v. Gorruflo, 77 N.J. Eq. 172, 75 A. 767 (1910). The court in Fox cited Taylor v. Lambert, 279 Pa. 514,124 A. 169, 170 (1924), when it said,
 "`The distinction between a private dwelling house or a private residence on the one hand and a house built or occupied as a residence for two or more families is quite obvious. In the one case it is single, private, and personal; in the other it is a sort of a tenement affair. While the families occupy separate apartments distinct from each other, they are not private residences as the term is ordinarily understood.'"
13 A.2d at 2.
Although I agree with the majority in affirming the trial court, I do not propose that this result eliminates all future development of the lot by the plaintiffs. The deed does not contain a restrictive covenant prohibiting resubdivision. The restrictive covenant prohibiting use of the land for other than private residential purposes prohibits only the building of the duplex and triplex units planned by the plaintiffs. The single units do not violate any restrictive covenant as long as they are sold to serve as the residence of a single family.