Appellant appeals from the trial Court's granting of a mandatory injunction, finding Appellant to be in violation of a restrictive covenant contained in a deed. We affirm.
In 1973, Plaintiff-Appellee Thomas A. Mattox made plans for the subdivision of a tract of land owned by him and his wife in Calhoun County, Alabama. The deeds to each individual lot, conveyed pursuant to that plan, contained the following restrictive covenant:
 "Use of said parcel is restricted to residential purposes and there can be placed on said parcel of land no more than one residence or one mobile home. . . ." (Emphasis added.)
Mattox subsequently sold other lots, with the same restriction contained in the deeds thereto, to Plaintiff-Appellee Nettie Frances Starr, Plaintiff-Appellee Billie Jo Heard, and Defendant-Appellant Edna Lois Wisneiwski. Starr and Heard bought their lots because of the restrictive covenant in the deeds. Appellant bought her lot with full understanding of the covenant.
In September or October of 1979, Appellant moved an additional mobile home onto her lot. The structure, while not presently being used as a dwelling, is capable of such utilization. It has wheels, a tongue and running gear, and was manufactured with a floor plan for dwelling purposes which it presently retains. A dining room suite was placed therein and has not been removed.
Appellant asserts that the trial court erred in granting its injunction because the expression "one residence or one mobile home" contained in the deed is unclear and ambiguous. The gist of Appellant's argument is that this language is susceptible of the meaning that the structure in question is something other than a "mobile home" when it is unoccupied. We disagree.
In Laney v. Early, 292 Ala. 227, 292 So.2d 103 (1974), the Court stated:
 "The rule applicable here is stated in Centers, Inc. v. Gilliland, 285 Ala. 593, 234 So.2d 883:
 "`* * * While such provisions in deeds are not construed to create restrictions beyond the fair and natural meaning of the words used, read in the light of the circumstances under which they were used, they will be enforced according to their fair and natural meaning, in the absence of fraud or mutual mistake. * * *'"
Laney v. Early, supra, 292 Ala. at 231, 292 So.2d 103.
Covenants restraining the use of real property are strictly construed in favor of the free use of such property; but effect will be given to the manifest intention of the parties when the intention is clear and the restrictions are confined to a lawful purpose within reasonable bounds, and rights created by the covenant have not been relinquished or otherwise lost.Reetz v. Ellis, 279 Ala. 453, 186 So.2d 915 (1966).
Here, no fraud or mutual mistake is claimed. We hold, therefore, that the term "mobile home" is descriptive of the structure in question as found by the trial court. Appropriate relief was granted.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.