Plaintiffs, appellants herein, filed a bill for declaratory judgment to construe restrictive covenants contained in instruments a part of the chain of title to their lot at Romar Beach in Baldwin County. Based on the pleadings, testimony taken ore tenus, exhibits and briefs of the parties, the trial court entered a declaratory judgment finding that the plaintiffs' anticipated use of the property would violate applicable restrictive covenants in that "such use of said property by the Plaintiffs is not solely for private residential purposes." We affirm.
The only question of law presented by the record in this case involves our interpretation of the restrictive covenant contained in the deed to the real property here involved.
The factual background of this case is, essentially, not in dispute. The plaintiffs, Carol S. Hines, Harold R. Walker and Frances J. Walker, are the recent purchasers of a 100-foot lot on the Gulf of Mexico at Romar Beach in Baldwin County. The plaintiffs formed a partnership and purchased the property in 1981 for developmental purposes. Specifically, the plaintiffs proposed to construct upon the realty a multifamily townhouse development consisting of eight living units housed in five separate buildings. Each unit and the land thereunder is to be sold in fee to the purchaser; the entire complex is to be served by one drive and that portion of the property not sold is to be retained as common areas for the owners of all the separate units.
The plaintiffs' property is part of a 1320-foot tract originally acquired in 1944 by Noel M. Turner and Thomas E. Twitty as tenants in common. Both Turner and Twitty eventually erected private single family residences upon separate parts of the property. Later, in the early 1950's, the remainder of the tract (after being partitioned equally between the co-owners) was conveyed to other persons in lots generally measuring 100-foot widths. In the various deeds to each lot there were incorporated restrictive covenants which specified that the property "be used solely for private residential purposes."
In this appeal, plaintiffs contend the trial court failed to correctly apply the established rules of construction in its interpretation of the restrictive covenants.
We are not unmindful of the well settled rule that in construing restrictive covenants, all doubts must be resolved against the restriction and in favor of free and unrestricted use of property. However, effect will be given to the manifest intent of the parties when that intent is clear and the restrictions are confined to a lawful purpose within reasonable bounds, and rights created by the covenant have not been relinquished or otherwise lost. Wisneiwski v. Starr,393 So.2d 488 (Ala. 1980). Furthermore, restrictive covenants are to be construed according to the intent of the parties in the light of the terms of the restriction and surrounding circumstances *Page 6 
known to the parties. Kennedy v. Henley, 293 Ala. 657,309 So.2d 435 (1975). Assuming, arguendo, that the intent of the parties is unclear, subsequent acts of the parties showing the construction they put on the instrument are entitled to great weight in determining what the parties intended. Brashier v.Burkett, 350 So.2d 309 (Ala. 1977); Kennedy, supra.
The restrictive language incorporated in the deed to the plaintiffs' property provides in part:
 "The Grantee, by the acceptance hereof, agrees that the property herein conveyed will be used solely for private residential purposes. . . ."
That restrictive covenant imposes an enforceable obligation on every grantee in the chain of title to use the property only for "private residential purposes." Problems kindred to the one here presented have been decided by various other jurisdictions; however, we are not referred to any Alabama case involving a restriction of the exact wording of the one here questioned. See, Flaks v. Wickman, 128 Colo. 45, 260 P.2d 737
(1953) (restrictive covenant in deed providing that no building should be constructed upon the premises conveyed other than for "private residence" purposes, prohibited construction of a duplex on such premises); Fox v. Sumerson, 338 Pa. 545,13 A.2d 1 (1940) (a building occupied by two or more families is not a private residence); Pehlert v. Neff, 152 Pa. Super. 84,31 A.2d 446 (1943) (a three-family apartment was not a "private residence"). See also, Koch v. Gorruflo, 77 N.J. Eq. 172,75 A. 767 (1910); Ward v. Prospect Manor Corp., 188 Wis. 534,206 N.W. 856 (1926). In accord with the above-mentioned jurisdictions, this court opines that the use of the word "private" entirely negates any implication that this property in question could be used for any type of commercial residential purpose such as the multifamily type units sought to be constructed by plaintiffs.
Notwithstanding the aforementioned interpretation, the trial court correctly interpreted the restrictive provision in light of the subsequent acts of the parties and surrounding circumstances.
The intent of the grantors was reinforced by evidence of the following from the record:
(1) The grantors themselves built private residences.
(2) No structure (except for servant's quarters and garages) other than private residences has ever been built upon the property in this neighborhood.
(3) The present owners of the property (defendants) purchased their lots in reliance upon the restrictive covenants barring commercial use.
This court is of the opinion that the restrictive covenant contained in the plaintiffs' deed prevents the construction of any type of multifamily unit. We conclude that when the word "private" is used in connection with the word "residence," it means single family residence. The evidence of the intent of the grantors and parties in interest is in accord.
Findings by a trial court sitting without a jury and hearing evidence presented ore tenus are entitled to a presumption of correctness unless it is demonstrated that such findings are plainly and palpably wrong or manifestly unjust. Silverman v.Charmac, Inc., 414 So.2d 892 (Ala. 1982). We find the trial court's judgment was amply supported by the evidence.
The judgment is therefore due to be and is hereby affirmed.
AFFIRMED.
FAULKNER, ALMON and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.