**Richard GRISSETT, et al., Plaintiffs,**

v.

**CORPS OF ENGINEERS OF the UNITED STATES ARMY, et al., Defendants.**

**Civ. A. No. 85V–1030–E.**

United States District Court, M.D. Alabama, E.D.

March 18, 1986.

Peter H. Martin, Auburn, Ala., for plaintiffs.

John C. Bell, U.S. Atty., Charles R. Niven, Asst. U.S. Atty., Montgomery, Ala., for defendants.

### OPINION

VARNER, District Judge.

This cause is now before the Court on Defendants' motion for summary judgment

filed herein February 13, 1986, and on Plaintiffs' cross motion for summary judgment filed herein February 25, 1986.

In this action for a declaratory judgment, Plaintiffs, Richard Grissett and Patricia Grissett, seek an order from this Court determining the right of Plaintiffs to maintain a small patio storage structure on property which Plaintiffs own but which is subject to a flood control easement owned by Defendant, United States Army Corps of Engineers [Corps of Engineers].[1] In response to this action of the Plaintiffs, Defendants have brought a counterclaim in which they seek a mandatory injunction requiring Plaintiffs to remove the patio storage structure and any other unauthorized structures and to restore the land to its former natural condition and a permanent injunction enjoining Plaintiffs from interfering with the Government's easement on said property.

The facts in this case are not in dispute and are set out as follows. On January 31, 1961, E.S. Kite, Jr., Nell R. Kite, Hugh S. Kite and Dorothy P. Kite conveyed by warranty deed a flowage easement to the United States on Tracts DD–3008–E–1 and 3008–E–2, Walter F. George Lock and Dam, containing 22.70 and 15.20 acres, respectively. The deed was recorded on January 31, 1961, in Book 328, at Pages 402–406, in the records of the Judge of Probate Court for Russell County, Alabama. [See Exhibit A, attached to Defendants' motion for summary judgment]. The warranty deed granted to the United States the following:

"[T]he perpetual right, power, privilege and easement to permanently overlow, flood and submerge the lands lying below elevation 192 feet above mean sea level embraced in the above described tracts of land, and the perpetual right, power, privilege and easement to occa-

sionally overflow and submerge the lands lying above elevation 192 feet above mean sea level embraced in the above described tracts of land * * *." [Exhibit A, attached to Brief filed by Defendants February 13, 1986].

The warranty deed further included a restriction as to the construction of structures on the land that the easement covered. Specifically, the deed stated:

"[P]rovided that no structures for human habitation shall be constructed or maintained on the said above described tracts of land, and, provided further that with respect to said described tracts of land, the written consent of the representatives of the United States of America, or its assigns, in charge shall be obtained for the type and location of any structures and/or appurtenances thereto now existing or to be erected or constructed on said lands." [Exhibit A, attached to Brief of Defendants filed February 13, 1986].

On September 28, 1983, E.S. Kite, Jr. and wife, Nell R. Kite, conveyed by warranty deed to Richard Douglas Grissett and wife, Patricia Diane Grissett, Plaintiffs herein, as joint tenants with rights of survivorship, Tract DD–3008–E–1 over which the United States Government owns a flowage easement. This deed was recorded on September 29, 1983, in Volume 611, at Page 570, in the Office of the Judge of Probate of Russell County, Alabama. [Exhibit G attached to Brief of Defendants filed February 13, 1986].

During 1983–84, Plaintiffs constructed a block and frame building [referred to herein as patio storage structure] on Tract No. DD–3008–E–1. [See Affidavit of Richard J. Shorter, Exhibit B attached to Defendants' Brief filed February 13, 1986].[2] The

---

1. Named as Defendants in this case are the Corps of Engineers of the United States Army, John O. Marsh, Jr., in his official capacity as Secretary of the Army, Lt. Gen. E.R. "Bald" Heiberg, in his official capacity as Chief of Engineers of the Corps of Engineers of the United States Army, and Col. C. Hilton Dunn, Jr., in his official capacity as District Engineer for the

Mobile District of the Corps of Engineers of the United States Army.

2. The structure is made of concrete blocks and wood framing with a porch area. [See Affidavit of Curtis W. Williams, attached as Exhibit D to Defendants' Brief filed February 13, 1986]. It is covered by a metal roof and measures approxi-

first floor elevation of the block and frame building is 206.43 feet mean sea level, which pursuant to the deed is subject to occasional flooding. It is undisputed that Plaintiffs did not receive written permission from the United States to build this patio storage structure as is required under the deed conveying the easement to the United States. Moreover, even though Plaintiffs claim that they did, in fact, have oral permission to build the patio storage structure,[3] they nevertheless, admit that the oral permission was insufficient to enable them to lawfully construct said structure.[4]

In June, 1984, Mr. Grissett met on the property with a ranger from the Resource Manager's office at Walter F. George Lake who told Mr. Grissett that he needed to request permission from the United States for the construction of structures on the flowage easement. By letter dated July 19, 1984, Mr. Grissett requested permission from the Corps of Engineers to build a "storage and patio-picnic structure" and a floating boat dock on the United States' easement and for permission for Tallapoosa River Electric Corporation to run power lines across the flowage easement. [See Attachment 1 to Plaintiffs' Brief filed February 25, 1986]. The United States granted Mr. Grissett's request to build the floating boat dock and gave him permission to run the electricity but denied him permission to maintain the patio storage structure. [Affidavit of O.B. Earnest, Jr., at-

tached as Exhibit C to Defendants' brief filed February 13, 1986.][5]

On June 3, 1985, Mr. Grissett offered to post a bond in the sum of $3,000.00 to $5,000.00 to be forfeited to the United States if the patio storage structure was ever used for residential purposes or if the land was sold without removal of the structure. [Affidavit of Richard D. Grissett attached to Plaintiffs' brief filed February 25, 1986]. By certified letter dated July 19, 1985, Mr. Donald L. Burchett advised Hon. Peter H. Martin, attorney for Plaintiffs, that the structure must be removed from the property covered by the United States' easement and that, if removal was not accomplished, the Government would take action necessary to protect its interest. [Attachment 4 attached to Plaintiffs' brief filed February 25, 1986].

The Court will grant a motion for summary judgment if based on the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, it finds that "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. In reviewing said motion, the Court is required to consider the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Tyler v. Vickery,* 517 F.2d 1089, 1094 (5th Cir.1975). Thus, the issues before the Court are whether the facts, as viewed in the light most favorable to the Plaintiffs, raise an actual controversy and whether

---

mately 21'6" × 21'4". At least half of the structure is enclosed. It has two windows and measures approximately 10'6" × 21'4". The enclosed portion was air conditioned; however, sometime prior to the initiation of litigation, the air conditioning was removed from the structure. At the time of litigation, there were no heating, air conditioning, cooking, or bathroom facilities in the structure, and it was equipped with running water.

3. Plaintiffs contend that, prior to their purchasing the tract in question, Mr. Grissett spoke with a representative of the Corps of Engineers who told Mr. Grissett that they could build anything on the flowage easement except a dwelling. [Deposition of Richard Grissett, p. 14, attached

as Exhibit G to Defendants' Brief filed February 13, 1986].

4. See Plaintiffs' Brief filed February 25, 1986, p. 4, ¶ 2: "2. Plaintiffs sought, but were never granted, permission from the United States to build the structure in question."

5. Mr. Grissett was advised that the Corps of Engineers determined after a review of Plaintiffs' application and attached structural plans, and after an on-site inspection, that the structure was designed for human habitation. Mr. Grissett was also informed that said structure violated the deed restriction. [Affidavit of O.B. Earnest, Jr., attached as Exhibit C to Defendants' Brief filed February 13, 1986].

Defendants are entitled to summary judgment as a matter of law.

Plaintiffs first argue that the instrument conveying the easement to the United States is ambiguous and, therefore, void as a matter of law. Specifically, Plaintiffs note that the State of Alabama favors the free use of land, and in considering restrictive covenants (such as the one contained in the easement herein), it resolves all doubt against the restriction and in favor of free and unrestricted use of property. *Hines v. Heisler*, 439 So.2d 4, 5 (Ala.1983). The courts of Alabama will enforce a restrictive covenant only if its intent is clear and unambiguous. *Johnson v. Bryant*, 350 So.2d 433, 437 (Ala.1977). According to the Plaintiffs, the holding in *Johnson* means the Courts of Alabama will not enforce a restrictive covenant when the language is unclear and ambiguous. [Plaintiffs' Brief filed February 25, 1986, p. 9, n. 1].

■ As the Supreme Court of Alabama observed in *Hines*, supra, however, restrictive covenants "are to be construed according to the intent of the parties in the light of the restriction and surrounding circumstances known to the parties." *Hines*, supra, at 5–6. Effect will be given to the "manifest intent of the parties when that intent is clear * * *." *Hines*, supra, at 5. Thus, the law of Alabama does not require that a court simply look at the wording of the easement and determine whether the language contained therein is clear and unambiguous, but it mandates that a court make a determination whether, in light of the circumstances and terms of the restriction, the intent of the parties to the instrument is clear. In the opinion of this Court, given the fact that Plaintiffs have not challenged the position of Defendants that the easement was devised to assure the Government the right to flood various portions of Tract DD–3008–E–1 in the event of heavy rainfall, and the fact that that por-

tion of the easement which restricts the rights of the servient estate holder to build on said tract was designed to assure that, in the event of flooding, the property loss and risk to human life was minimized [Defendants' Brief filed February 13, 1985, pp. 6–7, 12], the Plaintiffs have not established that, as a matter of law, they are entitled to summary judgment. In other words, Plaintiffs have failed to demonstrate that the intent of the parties to the instrument is unclear and ambiguous.

■ Plaintiffs further claim that, even though they failed to receive permission from the Corps of Engineers to build the patio storage structure, they, nevertheless, are entitled to maintain said structure. In particular, they note that the language of the easement bars Plaintiffs from erecting "structures for human habitation", but it does not prohibit Plaintiffs from constructing the patio storage structure. A significant portion of the record consists of both parties' attempt to resolve the dispute as to whether the building is a structure for "human habitation". It is the opinion of this Court that it does not need to resolve the issue as to what type of structure the Plaintiffs have erected on Tract DD–3008–E–1 in its review of both parties' motions for summary judgment.[6] The language of the deed in which the Kites conveyed an easement to the United States specifically provided that, in order for a person to construct *any structure or appurtenance* to the land, he must receive *written permission* from the United States or its assigns. [See, supra, p. 273.] There is no factual dispute as to whether Plaintiffs violated the terms of the easement. The Plaintiffs have admitted that they have never received written permission from the United States to build a patio storage structure. [See, supra, p. 274, n. 4]. Under Alabama law, the Plaintiffs, as servient

---

6. Plaintiffs assert that this Court is obligated to make a ruling as to whether the patio storage structure is a human habitation. According to their reasoning, the Government's decision not to allow them to maintain said structure because it was a human habitation was made arbitrarily and capriciously. In the opinion of this Court, this claim raises constitutional issues which the Plaintiffs have not correctly asserted in their pleadings and, thus, are not before this Court.

owners, had a duty not to interfere in any way with or impinge upon the rights secured by the dominant owner, Defendants herein, under the express grant of the easement, *Duke v. Pine Crest Homes*, 358 So.2d 148 (Ala.1978). The construction of said structure violated the terms of the easement, and as a result of said violation, Defendants have the right to a prompt removal of the structure, *Coleman v. Butt*, 30 So. 364, 130 Ala. 266 (1961), and to permanently enjoin further interference with their easement. *Loveman v. Lay*, 124 So.2d 93, 271 Ala. 385 (1960).

In the opinion of this Court, Defendants are entitled to summary judgment as a matter of law. An Order will be entered in accordance with this Opinion.