HOLMES, Retired Appellate Judge.
Ronald Roegner appeals a summary judgment entered in favor of W.O. Vinson and Francis Vinson. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our review of the record reveals the following: In December 1995, Roegner pur *695 chased a lot in the Fin Point subdivision, which is located on Lake Jordan in Elmore County, Alabama. Roegner, thereafter, began to renovate an existing lake cabin. In order to oversee the renovation, Roegner moved his recreational vehicle (RV) onto the lot and installed electrical and water hookups to service the RV. Roegner also built a bathhouse on his lot.
In November 1997, the Vinsons sued Roegner, alleging that Roegner had breached, and continued to breach, certain restrictive covenants enumerated in the “PROTECTIVE COVENANTS FOR ALABAMA POWER COMPANY SUBDIVISIONS,” dated November 13,1991. The Vinsons further alleged that as a result thereof, they had suffered, and continue to suffer, from a diminution in the value of their property.
The Vinsons subsequently filed a motion for a summary judgment, pursuant to Rule 56(e), Ala. R. Civ. P., alleging that they were entitled to a judgment as a matter of law as a result of Roegner’s breach of the covenants.
The trial court entered a judgment in favor of the Vinsons and ordered Roegner (1) to dismantle and to remove the RV within 30 days, (2) to dismantle and to remove the electrical and water hookups to the RV within 30 days, and (3) to dismantle and to remove the outdoor toilet or “completely incorporate the same into the primary single family dwelling within two months.” (Emphasis in original.)
Roegner appeals.
On appeal, an appellate court must decide whether a genuine issue of a material fact exists. If the appellate court determines that no genuine issue of a material fact exists, then it must determine whether the moving party was entitled to a judgment as a matter of law. Additionally, the appellate court must view the record in a light most favorable to the nonmoving party and must resolve all reasonable doubts against the moving party. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
We add that “restrictive covenants are not favored in the law and will therefore be strictly construed by [the] Court. All doubts must be resolved against the restriction and in favor of free and unrestricted use of the property.” Lange v. Scofield, 567 So.2d 1299, 1301 (Ala.1990). “Only if the intent of the covenant is clear and unambiguous will it be given effect.” Johnson v. Bryant, 350 So.2d 433, 437 (Ala.1977).
At the outset, we would note that the trial court, in the instant case, did not make any findings of fact, nor did it elaborate on which restrictions Roegner had breached. It is clear, however, that the following covenants are pertinent to this appeal:
“1. The lots in the Property shall be used for single-family residential purposes only. No more than one single family dwelling house may be erected on each lot; provided, however, that on each lot there may be constructed a garage and accessory storage building.
“2. Buildings shall be neat in appearance, and no building or structure shall be moved, constructed or erected on any lot ... that may be considered detrimental to a high class residential development.
“3. No outside toilets or privies shall be constructed or maintained on any lot in the property.
“9. No tents, trailers, mobile homes or temporary type structures of any kind may be erected or placed on any lot, whether temporarily or permanently.”
When read together, covenants one, two, and nine can be construed to mean that the subdivision lots were intended only for upscale, single-family residential purposes and that temporary dwelling structures are prohibited. As noted previously, Roegner lived in his RV from December 1995 until February 1997, in order to oversee the renovation of his lake cabin. In February 1997, Roegner received a letter from an attorney, demanding, among other things, that he remove the outdoor toilet, dismantle and remove the RV hookups, and remove the RV from the lot. At that point, Roegner stated that he ceased further renovation, capped the RV hookups, and left the RV parked on the premises for future use in traveling to and from football games. ,
*696 Based on the foregoing, it is clear that Roegner used the RV as a temporary dwelling for approximately fourteen months in violation of the covenants. Hence, the trial court did not err in ordering Roegner to dismantle and to remove the RV electrical and water hookups. The issue, however, is whether the trial court erred in ordering Roegner to permanently remove the RV from the lot.
Clearly, there appears to be a difference between erecting and/or placing an RV on a lot for dwelling purposes and in merely parking an RV on a lot. The difference, of course, is that a parked RV, without hookups, sits idle and is much like a parked car. In other words, if the grantor had intended to prohibit the parking of RVs or other recreational vehicles on the lot, it would have been easy for the grantor to word the restriction in clear and unambiguous language, i.e., no RVs or other recreational vehicles shall be parked or maintained on said lot.
Regarding covenant number three, i.e., the toilet and/or privy, Roegner stated the following in his affidavit:
“I started construction on a bathhouse, which was to house a commode, lavatory, and urinal on one end and a shower on the other end, separated, of course, by a wall. I had completed the end housing the commode, lavatory, and urinal, and I had installed the shower heads on the other end. Both ends are equipped with electricity, plumbing, running water, and the drains, which are each tied into the septic tank to the cabin. I had planned to heat and cool both ends and had purchased a hot water heater to supply the lavatory and shower heads, but before the bathhouse could be completed, I received a letter from a lawyer.”
In essence, covenant number three is also subject to interpretation. In support of their summary judgment motion, the Vinsons assert that Roegner’s bathhouse is nothing more than an outdoor toilet and/or privy. As described by Roegner, however, the bathhouse is a free-standing structure, which houses a commode, a lavatory, a urinal, and a planned shower. It is equipped with electricity, plumbing, and running water. Hence, it would appear that there is a difference between a bathhouse and an outdoor toilet and/or privy.
Last, while not an issue, we would add that the Vinsons made no prima facie showing that Roegner’s utilization of his lot in the manner described diminished the value of their lot. In fact, Roegner states that his renovations, which exceeded $100,000, have significantly increased the value of the neighboring lots.
Hence, in emphasizing the law on restrictive covenants, and in viewing the evidence in a light most favorable to Roegner, we conclude that the trial court erred, as a matter of law, in equating the words “placed” and “parked” and in equating an outdoor toilet and/or privy with a bathhouse equipped with adequate sanitation.
Consequently, the summary judgment is due to be reversed and the case is remanded for entry of a judgment consistent with this opinion. As the above is dispositive of this appeal, we pretermit all other issues.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.