JOHNSTONE, Justice
(dissenting).
I respectfully dissent from affirming the summary judgment declaring that the Hampton Cove Owners Association can assume the maintenance of Mclnnis’s lot and assess her for the costs of such maintenance. The restrictive covenants governing her lot assign the duty of maintenance to her and condition the right of the Association to assume the maintenance and to assess the costs on (1) Mclnnis’s neglecting the maintenance, (2) the Association’s notifying her “with reasonable particularity” of the neglected aspects of the maintenance, and (3) her failing to cure the neglect within 10 days of the notice or within such longer time as may be reasonably necessary. The portion of the restrictive covenants imposing these conditions on the right of the Association to assume the maintenance and to assess the costs reads:
“In the event that the Board determines that (a) any Owner ... has failed or refused to discharge properly his obligations with regard to the maintenance, repair or replacement of items for which he is responsible hereunder; or (b) that the need for maintenance, repair or replacement, which is the responsibility of the Association hereunder, is caused through the willful or negligent act of an Owner, his or her family, guests, lessees, [or] invitees, ... then the Association may perform the repair, replacement, or maintenance and shall, except in the event of any emergency situation, give the Owner ... written notice of the Association’s intent to provide such necessary maintenance, repair, or replacement, at the Owner’s ... sole cost and expense. The notice shall set forth with reasonable particularity the maintenance, repair or replacement deemed necessary. The Owner ... shall have ten (10) days within which to complete such maintenance, repair or replacement, or, in the event that such maintenance, repair, or replacement is not capable of completion within a ten (10) day period, to commence such work which shall be completed within a reasonable time. If any Owner does not comply with the provisions hereof, the Association may provide any such maintenance, repair, or replacement at Owner’s sole cost and expense, and all costs shall be treated as a specific assessment against the Owner and the property owned by the Owner.”
These conditions bespeak a right in Mcln-nis to continue to do her own maintenance free from assessment in the absence of the occurrence of the conditions.
The Association does not even pretend that the conditions have occurred. Mcln-nis wants to continue doing her own maintenance free from assessment. Therefore she has challenged the Association’s effort to assume the maintenance and to assess the costs. Lange v. Scofield, 567 So.2d 1299 (Ala.1990), supports her position:
“[R]estrictive covenants are not favored in the law and will therefore be strictly construed by this Court. All doubts must be resolved against the restriction and in favor of free and unrestricted use of the property.”
567 So.2d at 1301. See also Frander & Frander, Inc. v. Griffen, 457 So.2d 375, 377 (Ala.1984); and Hines v. Heisler, 439 So.2d 4, 5 (Ala.1983). Therefore, I respectfully submit that we should reverse this summary judgment.
BROWN, J., concurs.